Jeffrey RUBIN, Ph.D., Plaintiff,

v.

CORNING–PAINTED POST,
et al., Defendants.

No. 01–CV–6526L.

United States District Court,
W.D. New York.

Jan. 14, 2002.

Ronald Benjamin, Binghamton, NY, for Plaintiff.

James F. Young, Sayles, Evans, Brayton, Palmer & Tifft, Elmira, NY, for Defendants.

*DECISION AND ORDER*

LARIMER, Chief Judge.

Plaintiff, Jeffrey Rubin ("Rubin"), requests a preliminary injunction against defendants, including his employer, defendant, Corning–Painted Post Area School

District ("the School District"). The School District filed disciplinary charges against Rubin, a long-time employee of the School District, on August 24, 2001.[1] Rubin claims that these charges were brought against him in bad faith and in retaliation for his public speeches and comments against a school construction plan, apparently espoused by the School District and its administrators. Specifically, Rubin requests that this Court enjoin defendants from continuing to prosecute the disciplinary charges against him. In addition, Rubin seeks in his complaint damages under 42 U.S.C. § 1983 for violations of his constitutional rights. Defendants oppose the request for injunctive relief and assert that the plaintiff has failed to meet the standards for such extraordinary relief.

The parties have submitted affidavits and memoranda of law and the Court heard oral argument on December 19, 2001.

The ultimate facts are very much in dispute, although the parties' respective claims are not. Plaintiff asserts that the disciplinary action taken against him was a pretext and in retaliation for his speaking out against a controversial plan to construct new facilities in the School District. Apparently, plaintiff did speak out at several public gatherings in opposition to the favored plan, Option Two. Defendants claim that his speech had nothing to do with their disciplinary proceedings. The disciplinary matters involve charges of insubordination and refusal to comply with lawful and proper directives of Rubin's supervisor, Ellen Robinson. Defendants contend that this is a routine disciplinary proceeding involving a public school employee and this Court should abstain from considering the claims, especially since there are ongoing administrative proceedings relative to the disciplinary charges, occasioned by Rubin's request for a hearing pursuant to statute, New York Education Law, § 3020–a. Plaintiff concedes the general principles of the so-called *Younger* abstention doctrine but believes the facts of this case come within an exception to that general rule that permits federal court involvement.

## Injunctive Relief

"A party seeking a preliminary injunction must demonstrate '(1) irreparable harm should the injunction not be granted, and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief.'" *N.A.A.C.P., Inc. v. Town of East Haven,* 70 F.3d 219, 223 (2nd Cir.1995) (quoting *Resolution Trust Corp. v. Elman,* 949 F.2d 624, 626 (2d Cir.1991)); *PSC, Inc. v. Reiss,* 111 F.Supp.2d 252, 254 (W.D.N.Y.2000). The "'serious questions' prong is also frequently termed the 'fair ground for litigation' standard." *N.A.A.C.P., Inc. v. Town East Haven,* 70 F.3d at 223.

In some situations, a higher standard applies. "The moving party must make a 'clear' or 'substantial' showing of a likelihood of success where (1) the injunction sought 'will alter, rather than maintain, the status quo'—*i.e.,* is properly characterized as a 'mandatory' rather than 'prohibitory' injunction; or (2) the injunction sought 'will provide the movant with substantially all the relief sought, and that relief cannot be undone even if the defendant prevails at a trial on the merits.'" *Jolly v. Coughlin,* 76 F.3d 468, 473 (2d Cir.1996) (quoting *Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.,* 60 F.3d 27, 33–34 (2d Cir. 1995)), *overruled on other grounds by City*

---

1. Plaintiff incorrectly notes that the charges were dated "September 24, 2001." *See* Rubin Aff. ¶ 4, (Dkt.# 6); Complaint, ¶ 49 (Dkt.# 1).

*of Boerne v. Flores,* 521 U.S. 507, 117 S.Ct. 2157, 138 L.Ed.2d 624 (1997). This standard applies here.

■ Concerning irreparable harm, I am not convinced that plaintiff will suffer irreparable harm which warrants injunctive relief. First of all, it is not disputed that although plaintiff has been suspended from his employment duties, he is receiving full pay and benefits. He is suffering no financial loss whatsoever. Furthermore, there appears to be no legitimate issue that plaintiff's present speech rights are now being curtailed. Since plaintiff is not actively engaged in employment with the School District, it would seem that all of his comments and remarks, if any, are outside the work place. Furthermore, the speech that plaintiff claims resulted in the allegedly retaliatory charges occurred many months ago about a proposal and plan that has long since been approved by the local electorate in a referendum. Plaintiff has requested damages as part of the federal lawsuit, and in light of plaintiff's employment status and his continued receipt of his full salary, I do not believe that plaintiff has established the requisite irreparable harm to warrant injunctive relief.

### Abstention

■ Defendants also contend that the Court should abstain from exercising jurisdiction under the doctrine of *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). In this circuit, in order to invoke *Younger* abstention, the following three questions must be affirmatively resolved: "1) whether there is an ongoing state proceeding; 2) whether an important state interest is involved; and 3) whether the federal plaintiff has an adequate opportunity for judicial review of his constitutional claims during or after the proceeding." *Christ the King Regional High School v. Culvert,* 815 F.2d 219, 224 (2d Cir.), *cert. denied,* 484 U.S. 830, 108 S.Ct. 102, 98 L.Ed.2d 63 (1987). *See also CECOS Int'l, Inc. v. Jorling,* 895 F.2d 66, 70 (2d Cir.1990).

*Younger* abstention "derives from the recognition 'that a pending state proceeding, in all but unusual cases, would provide the federal plaintiff with the necessary vehicle for vindicating his constitutional rights ...'" *Temple of the Lost Sheep, Inc. v. Abrams,* 930 F.2d 178, 183 (2d Cir.), *cert. denied,* 502 U.S. 866, 112 S.Ct. 193, 116 L.Ed.2d 153 (1991) (quoting *Steffel v. Thompson,* 415 U.S. 452, 460, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974)). Moreover, the Second Circuit has noted:

...that the *Younger* abstention doctrine requires that federal courts abstain from considering section 1983 claims that are the subject of ongoing state...civil proceedings which involve vital state interests, when those proceedings provide an adequate opportunity to raise the federal claims. *See, e.g., Middlesex County Ethics Comm. v. Garden State Bar Assoc.,* 457 U.S. 423, 431–32, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982). That doctrine is animated by comity concerns which override section 1983's expansive scope and which are not applicable in the absence of such an ongoing state proceeding or when a federal injunction would not impinge on vital state functions.

*DeSario v. Thomas,* 139 F.3d 80, 86, n. 3 (2d Cir.), *vacated on other grounds, sub nom. Slekis v. Thomas,* 525 U.S. 1098, 119 S.Ct. 864, 142 L.Ed.2d 767 (1999).

■ In the instant case, it is clear that there is an ongoing state proceeding. Once plaintiff received the disciplinary charges, he elected under Education Law § 3020–a to request a hearing before an arbitrator. At oral argument, the parties advised that an arbitrator has been selected and I have been advised that the hear-

ing is scheduled to convene on February 25, 2002.

In addition, it cannot be denied that there are vital state interests involved in this matter. It has long been recognized that matters involving schools, and the discipline of students and teachers are principally matters of local concern, and that the state has vital interests in maintaining the proper and orderly functioning of its local schools. Generally, this is not a matter for federal involvement. Next, I am not convinced that plaintiff lacks an adequate opportunity to raise the federal claims now advanced here in federal court. It is clear from plaintiff's papers and from oral argument that the claims brought in federal court, that is, retaliation, pretext and acts intending to quash or chill plaintiff's speech, are the same defenses that will be raised in the state disciplinary proceeding that is now pending. It is clear that plaintiff will defend the School District's charges and attempt to point out that there was no substantial basis for the charges because they were brought as a pretext and in retaliation for otherwise protected speech. I find, and plaintiff does not seriously dispute, that these constitutional claims and issues can be raised before the arbitrator and certainly can be raised in any state court proceeding that may occur under Article 75 should either side suffer an adverse decision. *See Manna v. Greenburgh #11 School Dist.,* 2 F.Supp.2d 461, 469 (S.D.N.Y.1998) (applying *Younger* abstention doctrine, and noting that teacher's "federal rights will be adequately protected in the state proceedings"). It may well be that plaintiff prevails on these matters by dint of the constitutional claims raised either before the arbitrator or in a subsequent court proceeding.

Although this Court certainly recognizes the importance of resolving constitutional claims and alleged deprivations brought under Section 1983, there are strong principles of comity that counsel against federal court involvement at this time.

Although plaintiff suggests that this is the unusual case which warrants an exception to the general *Younger* doctrine, I believe that plaintiff has failed to make that case. It is clear from plaintiff's papers and arguments that he believes the adverse action was in retaliation for his speaking on a matter of controversy. On the other hand, defendants maintain just as vigorously that the evidence demonstrates that plaintiff's speech was inconsequential and that other serious issues of insubordination existed prior to, during, and after the public comments of plaintiff. To resolve this clear conflict between the parties would require the Court to decide the very issues that are now before the arbitrator for resolution pursuant to state statute and the collective bargaining agreement between the parties.

### CONCLUSION

Plaintiff's motion for a preliminary injunction is denied.

IT IS SO ORDERED.